STATE OF NORTH CAROLINA v. DAVID LAWRENCE WILLIAMS

No. 54

(Filed 9 May 1973)

**1. Rape § 1— constitutionality of rape statute**

   Though G.S. 14-21 provides that death shall be the punishment for rape except in those cases where the jury recommends life imprisonment, the holdings of *Furman v. Georgia* and *State v. Waddell* do not affect the constitutionality of that portion of the statute which defines the elements of the crime of rape.

**2. Constitutional Law § 36; Criminal Law § 135— sentence of life imprisonment — standing to question death penalty**

   Defendant in a rape case who did not receive a sentence of death has no standing to raise the constitutionality of the death penalty or of G.S. 14-21 because it provides for that punishment.

APPEAL by defendant from *Blount, J.*, November 1972 Criminal Session of PITT County Superior Court.

This is a criminal prosecution upon a bill of indictment charging defendant with the rape of Deborah Ann Price on 25 September 1972.

Before pleading defendant moved to quash the bill of indictment on the ground that G.S. 14-21 is unconstitutional. The trial judge denied defendant's motion to quash, and defendant entered a plea of not guilty.

The State offered evidence which tended to show that on 25 September 1972 Deborah Ann Price, a 19-year-old student at East Carolina University, left a class at about 10:40 a.m. and started to her dormitory along a railroad track. She was overtaken by a young colored male who knocked her down, beat her and dragged her into a wooded area where he forcibly and against her will had intercourse with her. Her assailant told her that he belonged to a black organization and would have her killed if she said anything. He then walked away, and Miss Price went to a nearby house where she received aid. She was carried to the University Infirmary and was then transferred to Pitt Memorial Hospital where she was examined by Dr. G. H. Satterfield, Jr.

Miss Price unequivocally identified defendant as her assailant from photographs, at a lineup and in court.

Dr. Satterfield testified that when he examined Miss Price on 25 September 1972 she had a severe black eye and scratches and abrasions on her cheek, elbows, abdomen, legs and just below her collarbone. He found evidence of acid phosphatase in the vaginal area. He described acid phosphatase as an enzyme from the prostate gland of a male person.

The State also offered evidence that defendant was enrolled as a student at Rose High School in Greenville, and that he was absent from a second period history class which met from 10:15 to 11:00 a.m. on 25 September 1972. He was also absent from the third, fourth, fifth and sixth periods on the same date.

Defendant offered evidence in the nature of an alibi.

The jury returned a verdict of guilty of rape with recommendation of life imprisonment. Defendant appealed from judgment imposing a sentence of life imprisonment.

*Attorney General Morgan; Ralph Moody, Special Council for the State.*

*Owens, Browning & Haigwood by Robert R. Browning, for defendant appellant.*

PER CURIAM.

The sole question presented by this appeal is whether the trial judge erred in denying defendant's motion to quash the bill of indictment. Defendant contends that the bill of indictment should be quashed because G.S. 14-21 is unconstitutional.

G.S. 14-21 provides:

"Every person who is convicted of ravishing and carnally knowing any female of the age of twelve years or more by force and against her will, or who is convicted of unlawfully and carnally knowing and abusing any female child under the age of twelve years, shall suffer death: Provided, if the jury shall so recommend at the time of rendering its verdict in open court, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury."

In support of his contentions, defendant relies upon *Furman v. Georgia*, 408 U.S. 238, 33 L.Ed. 2d 346, 92 S.Ct. 2726, and *State v. Waddell*, 282 N.C. 431, 194 S.E. 2d 19.

[1] The holdings in *Furman v. Georgia, supra,* and *State v. Waddell, supra,* do not affect the constitutionality of that portion of G.S. 14-21 which defines the elements of the crime of rape.

*Furman v. Georgia, supra,* stands for the proposition that the imposition of the death penalty under certain state statutes (such as G.S. 14-21) is unconstitutional. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664.

Even if *State v. Waddell, supra,* supported defendant's contentions, and we do not think it does, its holdings as to the death penalty are not effective as to offenses committed prior to 18 January 1973. Defendant is charged with raping Deborah Ann Price on 25 September 1972.

[2] Defendant did not receive a sentence of death and, therefore, has no standing to raise the constitutionality of the death penalty or of the statute G.S. 14-21 because it provides for that punishment. *State v. Duncan,* 282 N.C. 412, 193 S.E. 2d 65; *State v. Wright,* 282 N.C. 364, 192 S.E. 2d 818; *State v. Davis, supra.*

We have carefully examined the entire record and find it to be free from prejudicial error.

No error.